UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL ALONSO SALAZAR,

Petitioner,

v. Case No.: 2:26-cv-02800-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.
_________________________________/

## OPINION AND ORDER

Before the Court are Rafael Alonso Salazar's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 3), and Salazar's reply (Doc. 6).

Salazar is a native of Venezuela who lawfully entered the United States on December 30, 2020, with a B2 visa. He was a derivative beneficiary on his wife's asylum application, and U.S. Citizenship and Immigration services recommended its approval. Salazar's wife died on November 10, 2025, and USCIS canceled the recommended approval and instructed Salazar to file his own application. Salazar did so, and the application is pending. He previously applied for and received temporary protected status, but it has been terminated. Salazar has work authorization and a Florida driver's license. He has complied with all biometric and supervision requirements, he has stable

employment and a fixed address, he owns a Florida LLC and files federal tax returns, and he has no criminal record.

On August 7, 2026, Immigration and Customs Enforcement (ICE) arrested Salazar because of his immigration status. ICE commenced removal proceedings the next day. Immigration Judge Frank Pimentel held a custody redetermination hearing on August 25, 2026, and denied release on bond with this order: "Flight risk. Copy of the I-589 was not submitted." (Doc. 3-1 at 10). Judge Pimentel denied Salazar's request for a second bond hearing because there was no change in circumstances.

In his habeas petition, Salazar claims his detention without notice, explanation, or meaningful review violates the Due Process Clause of the Fifth Amendment. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). To the extent Salazar asks the Court to reweigh evidence or otherwise review Judge Pimentel's exercise of discretion, the Court declines to do so. But Salazar also raises a bona fide due process claim. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Salazar's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth

Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v.*

*Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. Judge Pimentel based his decision solely on the fact that Salazar's evidence did not include a copy of his asylum application. Judge Pimentel did not consider any relevant facts, like Salazar's lawful entry into the country, his compliance with immigration requirements, tax obligations, and criminal laws, his active engagement with state and federal governments, his steady employment history, fixed residence, and business ownership, and his family and social ties to the United States.

Federal officials who have exercised discretion at various stages of Salazar's immigration proceedings have admitted him into the country, granted him temporary protected status, recommended he receive derivative benefits from his late wife's asylum claim, and granted him employment authorization. Judge Pimentel, on the other hand, denied release on bond without consideration of any relevant facts or circumstances. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp."

*Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Salazar's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Rafael Alonso Salazar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Salazar and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record